IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Victoria Eaton, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Belk, Inc., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 2:19-2970-BHH<br><br>**ORDER** |

This matter is before the Court upon Defendant Belk, Inc.'s ("Belk" or "Defendant") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed a response in opposition to Defendant's motion, and the matter is ripe for review. For the reasons set forth herein, the Court grants Defendant's motion.

**BACKGROUND**

Plaintiff initially filed this action in September of 2019 in the Court of Common Pleas for Berkeley County, South Carolina. Defendant removed the case to this Court on the basis of diversity jurisdiction in October of 2019.

In her complaint, Plaintiff Victoria Eaton ("Eaton" or "Plaintiff") alleges that she was shopping at Belk with her minor son on January 20, 2018, when Belk employees accused her of shoplifting and started a criminal prosecution against her. Plaintiff alleges that she was arrested and spent the night in jail, but that all of the criminal charges against her were ultimately dismissed. In her complaint, Plaintiff alleges causes of action for (1) negligence and gross negligence; (2) malicious prosecution; (3) defamation; (4) outrage; and (5) false imprisonment.

## **STANDARD OF REVIEW**

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

In its motion for summary judgment, which Defendant supports with the surveillance video of the incident, portions of Plaintiff's deposition testimony, portions of Defendant's 30(b)(6) representative's deposition testimony, and portions of the investigator's deposition testimony, Defendant alleges that summary judgment is warranted because probable cause existed for Plaintiff's detention and arrest. Defendant asserts:

> Plaintiff entered the women's restroom with, according to her testimony, one Belk item that she had not paid for and, according to Belk's testimony, multiple Belk items that she had not paid for. (*See* Ex. A, surveillance video outside of women's restroom; Ex. C, Pl.'s Dep. 98: 7-15, 99: 9-25; Ex. D, Belk 30(b)(6) Dep. 8: 7-14, 13: 5-10.) Plaintiff admitted that the Belk item she agrees she had not paid for was in the shopping cart when she entered the women's restroom. (*See* Ex. C, Pl.'s Dep. 99: 21-25.) As the video shows, the shopping cart was full when Plaintiff entered the restroom. (*See* Ex. A at time stamp 01:52:20.32.) When Plaintiff exited the restroom, the shopping cart was empty, and there was no merchandise otherwise visible in Plaintiff's hands. (*See* Ex. A beginning at time stamp 02:02:38.60.) At that point,

2

> Plaintiff had concealed Belk merchandise that she had not paid for. It is wholly irrelevant whether Plaintiff put the merchandise back right before leaving the store, as Plaintiff did not have to actually exit the store with merchandise that was not paid for in order for there to be probable cause that she had committed the crime of shoplifting. She committed that crime by engaging in concealment. From exiting the restroom hallway, Plaintiff is ultimately picked by surveillance as she approaches the exit door of Belk, at which point she admitted she had not paid for any Belk merchandise after leaving the restroom, there is no merchandise visible in the shopping cart, and Plaintiff ultimately moves quickly into the merchandise racks, as she is standing at the exit, to put back one or more items she had not paid for. (*See* Ex. B, surveillance video of exit door; Ex. C, Pl.'s Dep. 127: 18-21.)

(ECF No. 27-1 at 3-4.)

Additionally, Defendant argues that Plaintiff's negligence claim fails because South Carolina law does not recognize the affirmative duties on which Plaintiff relies, and that Plaintiff's malicious prosecution claim fails because Plaintiff does not point to any evidence that Belk acted with malice. Defendant asserts that Plaintiff's defamation claim fails because the statements it made to law enforcement were truthful and because any communications with law enforcement were qualifiedly privileged. Defendant asserts that Plaintiff's outrage claim fails because it is based upon the same conduct that forms the basis of her other claims, and "[t]he tort of outrage was designed not as a replacement for the existing tort actions." (*Id.* at 7 (quoting *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 283 S.C. 155, 321 S.E.2d 602, 613 (Ct. App. 1984), *rev'd on other grounds*, 287 S.C. 190, 336 S.E.2d 472 (1985).) Finally, as to Plaintiff's false imprisonment claim, Defendant argues that Plaintiff cannot establish that her restraint was unlawful as a matter of law.

In response, Plaintiff asserts that under South Carolina law, the question of whether probable cause existed for Plaintiff's arrest is a factual issue to be determined by a jury, and in support of her arguments, she relies on the dismissal of her criminal charges and

3

portions of her deposition, Defendant's 30(b)(6) representative's deposition, and the investigator's deposition. According to Plaintiff, "Defendant held and had Plaintiff charged for shoplifting, even though they knew she did not steal anything from their store." (ECF No. 31 at 1 (emphasis in original omitted).) Additionally, Plaintiff argues that concealment alone does not amount to shoplifting, and she argues that her testimony that she did not conceal any merchandise creates a question of fact. (*Id.* at 4.)

Of relevance to this case, South Carolina's shoplifting law provides that a person is guilty of shoplifting if he or she:

> (1) takes possession of, carries away, transfers . . . from one area of a store or other retail mercantile establishment to another area, or causes to be carried away or transferred any merchandise displayed, held, stored, or offered for sale by any store or other retail mercantile establishment *with the intention of depriving the merchant of the possession, use, or benefit of the merchandise without paying the full retail value*.

S.C. Code § 16-13-110(A)(1) (emphasis added). Additionally, the law further provides for certain presumptions from the concealment of unpurchased goods. Specifically:

> It is permissible to infer that any person wilfully concealing unpurchased goods or merchandise of any store or other mercantile establishment either on the premises or outside the premises of the store has concealed the article with the intention of converting it to his own use without paying the purchase price thereof within the meaning of Section 16-13-110. It is also permissible to infer that the finding of the unpurchased goods or merchandise concealed upon the person or among the belongings of the person is evidence of wilful concealment. *If the person conceals or causes to be concealed the unpurchased goods or merchandise upon the person or among the belongings of another, it is also permissible to infer that the person so concealing such goods wilfully concealed them with the intention of converting them to his own use without paying the purchase price thereof within the meaning of Section 16-13-110.*

S.C. Code Ann. § 16-13-120 (emphasis added).

4

Here, Defendant asserts that it is clear from the surveillance video that Plaintiff concealed at least one item of unpurchased Belk merchandise and transferred it "from one area" of the store "to another area" within the meaning of § 16-13-110. Specifically, Defendant argues that this act of concealment alone satisfies South Carolina's shoplifting law because § 16-13-120 specifically allows the inference that Plaintiff willfully concealed the item with the intent of depriving Belk of the merchandise without paying for it.

Plaintiff, on the other hand, asserts that "[c]oncealment is not shoplifting," and she states that "Plaintiff testified that she did not conceal any merchandise, which clearly creates an issue of fact for the jury's consideration." (ECF No. 31 at 4.)

After a review of the record and the applicable law, the Court agrees with Defendant and is not persuaded by Plaintiff's arguments. First, the Court does not see where in Plaintiff's deposition that she specifically testified that she did not conceal any merchandise. Rather, Plaintiff admitted that she entered the restroom with at least one item of unpurchased merchandise (a clipboard with a picture frame on it). (ECF No. 27-4 at 4.) Next, despite the fact that Plaintiff initially testified that she placed the clipboard at the bottom of the cart before she exited the restroom, Plaintiff cannot create an issue of fact where the video evidence shows otherwise. (*See* ECF No. 27-4 at 7; *see also* ECF No. 27-2 at 01:52:20.32–02:02:38.60.) Furthermore, and even more telling perhaps, Plaintiff later *admitted* in her deposition that nothing was in the cart when she exited the restroom and that "[e]verything went into the Belks bag." (*Id.* at 9.) Thus, the *only* reasonable inference from the evidence before the Court is that Plaintiff concealed unpurchased merchandise when exiting the restroom.

Next, with respect to Plaintiff's argument that concealment is not shoplifting under

the law, Plaintiff admits that concealment allows for an inference that a person engaged in shoplifting, but Plaintiff argues that such an inference can be overcome. Importantly, however, nowhere does Plaintiff point to *any* evidence to overcome the inference, and the applicable law is plain. Plaintiff asserts that summary judgment is rarely appropriate in cases involving an element of intent, but the Court finds this case to be one of those rare cases, as the applicable law specifically permits the inference of intent under the circumstances established by both the video evidence and Plaintiff's own testimony. In other words, without the plain language of § 16-13-120, the Court would tend to agree with Plaintiff that there would be a question of fact as to whether Plaintiff acted "*with the intention of depriving* the merchant of the possession, use, or benefit of the merchandise without paying the full retail value" to satisfy § 16-13 110(A)(1). However, the plain language of § 16-13-120 makes it permissible to infer that any person "willfully concealing unpurchased goods" does so "with the intention of depriving" within the meaning § 16-13-110. Going one step further, the final sentence of § 16-13-120 specifically addresses the question of "wilfully concealing" by making it permissible to infer that any person who conceals unpurchased goods does so "wilfully" and with the intention of depriving within the meaning of § 16-13-110.

Here, the video evidence demonstrates concealment; Plaintiff admits that the cart was empty when she exited the restroom and that "everything went in the Belks bag" on her shoulder; and Plaintiff has not offered any additional evidence to overcome the inference of concealment. Based on these circumstances, the Court finds no genuine issue of material fact as to whether Defendant acted within the bounds of South Carolina's shoplifting law. In other words, on the basis of the current record, the Court finds that no

6

reasonable juror could possibly in find in Plaintiff's favor on any of her claims. Therefore, the Court finds that Defendant is entitled to summary judgment.

## CONCLUSION

Based on the foregoing, it is hereby ordered that Defendant's motion for summary judgment (ECF No. 27) is granted.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>United States District Judge

September 14, 2021
Charleston, South Carolina